FEDERICO ACEVEDO, peticionario, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado; MANUEL AMIL, interventor.

Núm. 1888.—*Sometido:* Mayo 7, 1951. *Resuelto:* Mayo 25, 1951.

*F. Fernández Cuyar,* abogado del peticionario; *E. Martínez Rivera,* abogado del interventor, demandante en el pleito principal.

EN RECONSIDERACIÓN.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 5 de abril de 1950 Manuel Amil, dueño de una casa, radicó una demanda de desahucio en la corte municipal para desalojar a Federico Acevedo, arrendatario de la misma por

contrato de mes a mes. La corte municipal dictó sentencia en favor del propietario y el inquilino apeló para ante el tribunal de distrito. Este también dictó sentencia a favor del dueño. Expedimos auto de *certiorari* para revisar la sentencia del tribunal de distrito.

El 12 de febrero de 1951 anulamos el auto por los motivos consignados en nuestra opinión de dicha fecha. El peticionario radicó una moción de reconsideración levantando ciertas cuestiones nuevas. Dictamos una orden tratando la moción de reconsideración como si en efecto fuera una nueva solicitud de certiorari en la que se estaba expidiendo el auto y ordenamos al peticionario que radicara la transcripción de evidencia que no estuvo ante nos en relación con la solicitud original de certiorari.

■■ La primera cuestión que consideraremos, la cual no se nos presentó en la solicitud original, es la contención de que el dueño no tiene derecho a desahuciar a un inquilino a tenor con el artículo 12-A, inciso 8 de la Ley núm. 464, Leyes de Puerto Rico, 1946 ( (1) pág. 1327), según fué enmendada por la Ley núm. 201, Leyes de Puerto Rico, 1948 ( (1) pág. 575). Bajo el inciso 8 el desahucio de un inquilino de mes a mes es posible "por proyectar el arrendador la demolición total o parcial del edificio arrendado para construir un nuevo edificio." Esto puede hacerse siempre que concurra, entre otros, el requisito de "*b*. Que dentro de las limitaciones fijadas por las leyes y reglamentos que en materia de construcción están vigentes en Puerto Rico, la nueva edificación contará con un tercio o más de las viviendas de que disponga la que va a ser objeto de las obras. Si el tercio adicional antes indicado resultare en una fracción de número, éste se llevará siempre hasta el próximo número íntegro. Cada vivienda reedificada será susceptible de ser utilizada con plena independencia de las demás. . . ."

No podemos convenir con el dueño en que el párrafo *b* del inciso 8 significa que el edificio reedificado debe constar de solamente una tercera parte de las viviendas que tenía el

edificio original. Dicha teoría podría subsistir únicamente si el propósito del párrafo *b* fuera impedir un cambio completo en el uso del edificio, de fines residenciales a comerciales. Y haría posible que un dueño desahuciara a un inquilino residencial meramente para agrandar la propiedad para fines residenciales.

Convenimos con el peticionario en que el párrafo *b* no entra en juego meramente cuando una vivienda va a ser ampliada. Más bien creemos que la Legislatura tuvo por miras que procedía el desahucio solamente cuando se van a construir más viviendas que aquéllas que existían en el edificio original, aliviando con ello la escasez de viviendas. Esto se demuestra por el lenguaje en el estatuto al efecto de que "la nueva edificación contará con un tercio o más de las viviendas. . .", y que "Cada vivienda reedificada será susceptible de ser utilizada con plena independencia de las demás. . ." Estas dos cláusulas son incompatibles con el concepto de que el requisito del párrafo *b* sería cumplido simplemente ampliando una vivienda de suerte que contenga más habitaciones pero aún permanezca siendo una sola vivienda. Resolvemos que bajo el párrafo *b* el edificio reedificado debe contener una tercera parte más de las viviendas independientes y separadas que las que contenía el edificio original.

Una vez que se llega a la anterior conclusión, el caso se convierte en uno muy simple. La transcripción de evidencia, que no estuvo ante nos cuando consideramos la petición original, inequívocamente demuestra que el dueño trata de obtener posesión de la propiedad para construir un segundo piso a un edificio de uno solo, no con el fin de crear viviendas adicionales, sino únicamente para ampliar la presente vivienda adicionándole tres habitaciones más y una biblioteca con el fin de recibir un poco más de renta. Ese propósito no cae dentro de los requisitos establecidos por el párrafo *b*.

■ El dueño sostiene también, citando el caso de *Avila* v. *Tribunal de Distrito*, 68 D.P.R. 11, que el párrafo *b* está

suspendido en virtud de las disposiciones de la ley federal, y la Parte 825.6(c)(3) del Reglamento Federal que trata del desahucio para alterar o reedificar la vivienda. Rechazamos esta contención por los motivos consignados en *Méndez v. Tribunal de Distrito*, ante, pág. 544.

*Se dejarán sin efecto nuestras opinión y sentencia del 12 de febrero de 1951 anulando el auto de certiorari, se anulará la sentencia del tribunal de distrito y se declarará sin lugar la demanda.*